Marshall, C. J.
 

 This cause originated in the court of common pleas of Trumbull county as an action to
 
 *78
 
 recover damages for personal injuries sustained by Floyd J. Rishel. The petition alleged that Lawrence McGowan, one of the defendants, had parked his automobile on the side of the highway in the night season without lights, and that plaintiff, Rishel, in the operation of his automobile, collided with the car of McGowan, thereby sustaining serious injuries. The county commissioners of Trumbull county were joined as codefendants in said action; it being alleged that the highway at that point was in defective condition. The board of county commissioners answered by a general denial. McGowan demurred on the special ground that it appeared upon the face of the petition that there was a misjoinder of parties defendant. The demurrer was sustained on October 5,1928, in the following language:
 

 “It is therefore ordered, adjudged and decreed that the demurrer of the defendant Lawrence McGowan be, and the same is hereby sustained; and it is further ordered, adjudged and decreed that the defendant, Lawrence McGowan.be, and he is hereby, dismissed from the case and that he go hence with his costs.”
 

 To this ruling the plaintiff and the county commissioners excepted. Error was not prosecuted from that order, and nothing further was done relative to the defendant McGowan until May 15, 1930, at which time plaintiff was given leave by the court to file an amended petition by June 1,1930. The amended petition was filed on May 31, 1930, and in the amended petition no cause was stated against the county commissioners and no relief asked against that board. The allegations of negligence against the county commissioners contained in the original petition were omitted from the amended petition. Summons was thereupon served upon McGowan, and in due course a motion to quash the service was made and sustained. The journal entry again recited the dismissal of McGowan from the case on October 5, 1928, and that the
 
 *79
 
 order of dismissal had never been reversed or modified, or any proceedings in error instituted thereto, and that McGowan was not from that date a party defendant, and therefore service of summons upon him was unwarranted and ineffective.
 

 These recitals are only important as indicating the reasons for the action of the court of common pleas. The same journal entry ordered the amended petition stricken from the files. From that order error was prosecuted to the Court of Appeals, and that court reversed the judgment of the common pleas court and ordered the cause remanded for further proceedings.
 

 The petition alleged that the injury occurred on February 19, 1928. It was originally filed on July 3, 1928, but the amended petition was not filed until May 31, 1930. The two-year statute of limitations applies (Section 11224-1, General Code), and, if the amended petition be regarded as a new action, it is of course barred by the statute of limitations. If that were thé sole ground of error, the question could not properly be made by a motion to quash service; but the statute of limitations being an affirmative defense would have to be raised by demurrer or answer.
 

 We are of the opinion that this controversy does not turn upon the question whether it is a new and independent" suit, or whether it is an additional step in the cause originally filed July 3,1928. The controlling principle in this case is found in Section 12258, General Code, defining a final order as “an order affecting a substantial right in art action, when in effect it determines the action and prevents a judgment,” etc. Manifestly the dismissal of McGowan from the case in the determination of the special demurrer, on the ground of misjoinder of parties, determined the action as to him and prevented the plaintiff from recovering a judgment against him. The only method by which the plaintiff could preserve his rights against McGowan was to prosecute error from that judgment
 
 *80
 
 within the time limited for error proceedings. Not having done so, the judgment became a finality, and no further action could be taken against him either in the original suit or in a separate suit. Section 11312, General Code, provides that where a demurrer is sustained on the ground of misjoinder of several causes of action the court may on motion of the plaintiff allow him to file several petitions, each including sueh of the causes of action as might have been joined, but requiring that an action be docketed for each of the petitions, to be proceeded in without further service. Technically, that section does not apply where defendants are improperly joined, but on principle the courts might well apply the same principle; that is to say, when a defendant is dismissed from the case on the ground of misjoinder of parties, and the plaintiff still desires to pursue each of them, there must in any event be separate petitions, and therefore separate and distinct causes, and necessarily under separate numbers. The county commissioners here were never dismissed from the case, and the plaintiff is therefore in the situation of having two separate petitions against separate defendants under one docket number. Such a situation is confusion confounded.
 

 This however is not plaintiff’s greatest difficulty. The situation would still be impossible even if he had filed the amended petition instanter upon McGowan being dismissed from the case. The controlling principle is that, after expiration of the statutory period for prosecuting error from the order of dismissal, that order became a finality. If a separate suit had been filed, it might have been necessary to plead the defense of
 
 res judicata.
 
 Inasmuch as all proceedings were in the original case, and all matters were within the knowledge of the court, the court might well have ordered the petition stricken from the files, without any action on the part of McGowan. We are therefore not troubled with questions of procedure and need not
 
 *81
 
 inquire whether a motion to quash was the proper remedy.
 

 The judgment of the Court of Appeals will be reversed and the judgment of the court of common pleas affirmed.
 

 Judgment
 
 reversed.
 

 Matthias, Day, Allen, Kinkade and Stephenson, JJ., concur.